# THE STATE v. GURLEY, Appellant.

### Division Two, December 2, 1902.

1. **Murder:** CONVICTION: SUFFICIENCY OF EVIDENCE. Evidence in a prosecution for murder examined, and *held* to sustain a conviction of murder in the first degree, notwithstanding accused's testimony showing a prior assault on him by deceased.

2. ————: DEGREE OF HOMICIDE: PROPRIETY OF INSTRUCTION. Where the evidence in a prosecution for murder shows that the accused had threatened to kill deceased, struck her with a knife, and pursued her across the street, where he again stabbed her, instructions as to murder in the second degree and manslaughter are properly refused; instructions as to murder in the first degree and on self-defense having been given—the latter, in view of accused's testimony that deceased had first struck at him with a knife.

Appeal from St. Louis City Circuit Court.—*Hon. Franklin Ferris,* Judge.

AFFIRMED.

*Truman P. Young* and *John E. Bowcock* for appellant.

(1) The court erred in not giving an instruction on murder in the second degree, as the facts found by the jury on due consideration of the evidence might have been such as would constitute that degree of guilt under the law. Wharton, Crim. Law (8 Ed.), sec. 388; State v. O'Hara, 92 Mo. 59; State v. Fairlamb, 121 Mo. 145; State v. Banks, 73 Mo. 596; State v. Crawford, 115 Mo. 632; State v. Bowles, 146 Mo. 12; State v. Lane, 64 Mo. 322; State v. Testerman, 60 Mo. 416; State v. Frazier, 137 Mo. 340. (2) The court erred in not giving an instruction on manslaughter in the fourth degree, there being clear and positive evidence of the existence of a lawful provocation. State v. McKinzie,

102 Mo. 632; State v. Branstetter, 65 Mo. 155; State v. Jones, Jr., 61 Mo. 235; State v. Crabtree, 111 Mo. 140.

*Edward C. Crow,* Attorney-General, and *Jerry M. Jeffries,* for the State.

(1) The evidence in this case clearly establishes the facts upon which it was submitted to the jury. Defendant was guilty of murder in the first degree or he was entirely innocent. Where one admits a killing, as was done in this case, and pleads self-defense, when the evidence clearly shows the defendant guilty of murder in the first degree or entirely justifiable in doing the act, instructions for a lower grade of homicide than murder in the first degree should not be given. State v. Young, 119 Mo. 495: State v. Umble, 115 Mo. 452; State v. Blunt, 91 Mo. 503; State v. Rider, 95 Mo. 474. Where there are no circumstances of excuse, justification or extenuation, an intentional homicide is murder in the first degree. State v. Phillips, 24 Mo. 475. (2) We believe the court correctly declared the law and gave to the jury, by the instructions, all the law in the case. However, no exceptions were saved or objections made to the action of the court, and if it failed to declare all the law in the case, he can not complain now. State v. Albright, 144 Mo. 638.

SHERWOOD, P. J.—One negro killed a negress, one Rosie Higgins, by stabbing her to death with a knife; and being tried therefor was found guilty of murder in the first degree, and sentence and judgment went accordingly. Higgins was a girl about twenty years of age, in stature five feet high and weighed about one hundred and ten pounds.

Defendant and deceased had lived together previous to this time, but fully four months before the homicide the Higgins girl had tired of defendant and she had taken up with another negro man and would have nothing to do with defendant, though she had no ill will against him. Defendant went to see the Hig-

gins girl occasionally for the purpose of inducing or forcing her to be to him as she had been in times previous, and on some of these occasions struck and beat her and because she did not yield to his force or persuasion threatened to kill her.

The evidence shows that on the afternoon of May 1, 1901, they met on Locust street in St. Louis, near the levee, the deceased with a girl friend of hers and was not expecting to see defendant. Defendant called Rosie Higgins a few feet away from her companion and for about five minutes engaged in an earnest conversation with her. The only part of the conversation detailed in evidence was, the girl said, "No, I won't do it." As soon as she uttered this statement, defendant struck her two vicious blows about the shoulders and neck with a pocket knife. The girl had turned to leave him and the blows were struck from behind; the assaulted woman in terror rushed across the street and into a restaurant, defendant following her and in the eating-house he again stabbed her, once the knife struck the neck, passed through into the cavity, severed an artery and the poor woman bled to death in a few minutes.

Defendant made a run for liberty. He found a hiding place in the hull of a steamer lying at the wharf in St. Louis on which he had a brother at work. He remained in this hiding until the boat had left St. Louis for the South and when the boat was opposite Osceola, Arkansas, defendant leaped overboard and attempted to swim ashore. He was arrested and placed in jail at Osceola and detained there until the Missouri authorities could reach there to bring him back to this State.

His own testimony was the only evidence introduced in his behalf. That was unreasonable in most parts and contradicted the facts as testified to by numerous witnesses for the State and even under that evidence, if believed, he was guilty. He said deceased first struck at him with a pocket knife and as she ran across the street threw it away and that he picked the

knife up and afterwards threw it in the river.    That the cutting was done with his own knife.

There was abundant evidence to support the verdict, and the testimony of defendant was too improbable for rational belief.    Neither courts nor juries are required to believe nonsense merely because it is sworn to.

Besides, the court gave instructions fully on the two points of murder in the first degree and self-defense, such as have frequently received our sanction, and these were all that should have been given, and instructions as to murder in the second degree and manslaughter were properly refused.

Consequently we affirm the judgment and direct that the sentence pronounced by the law be executed. All concur.